UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA       :

    - v. -                  :   INDICTMENT

JAMES NICHOLSON,               :   09 Cr.

    Defendant.              :

- - - - - - - - - - - - - - - - x

**09 CRIM 414**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 23 2009

<u>COUNT ONE</u>

(Securities Fraud)

The Grand Jury charges:

**Relevant Persons And Entities**

    1.  At all times relevant to this Indictment, Westgate Capital Management LLC ("Westgate Capital") had its principal places of business in Pearl River, New York and New York, New York.  Westgate Capital is a money management firm founded in August 1999 that operated as the General Partner for its various funds.

    2.  At all times relevant to this Indictment, JAMES NICHOLSON, the defendant, was the President and Senior Portfolio Manager, as well as the sole managing member of Westgate Capital. In that capacity, NICHOLSON controlled the business activities of Westgate Capital, which included managing the following funds that received and invested money from investors:  Westgate Alpha Fund, Westgate Equity Fund, Westgate Focus Fund, Westgate Growth Fund LP, Westgate Premier Growth Fund LP, Westgate Strategic

Growth Fund LP and Westgate Summit Fund (collectively, the "Westgate Funds"). NICHOLSON also managed and controlled the Westgate Opportunity Fund Ltd. (the "Opportunity Fund") and the Westgate Absolute Fund.

### The Scheme to Defraud

3. From at least in or about 2004 through at least in or about February 2009, JAMES NICHOLSON, the defendant, perpetrated a scheme to defraud the investors of Westgate Capital by soliciting millions of dollars of funds under false pretenses, failing to invest investors' funds as promised, and misappropriating and converting investors' funds to NICHOLSON's own benefit and the benefit of others without the knowledge or authorization of the investors.

4. To execute the scheme, JAMES NICHOLSON, the defendant, solicited and caused others to solicit prospective clients to invest with Westgate Capital, based upon, among other things, his false statements that: (a) the Westgate Funds had an aggregate of $600 to $900 million under management; (b) the Westgate Funds were audited by an independent auditing firm; (c) investor funds would be used to purchase shares of securities of large, well-known corporations that would provide high rates of return for clients, with limited risk; (d) the Westgate Funds' performance was consistently positive; and (e) investor funds would be returned to investors by a particular date.

5. In truth and in fact, as NICHOLSON well knew, these representations were false. Instead, notwithstanding his statements to the contrary, and notwithstanding false representations that NICHOLSON made and caused to be made on hundreds of investor account statements and other documents sent through the United States Postal Service (the "Postal Service") to Westgate Capital investors throughout the operation of this scheme, NICHOLSON misappropriated investor funds and converted them to the use of NICHOLSON, Westgate Capital, and others. Moreover, the true value of the assets NICHOLSON and Westgate Capital had under management was materially lower than the $600 to $900 million that NICHOLSON represented. Furthermore, in an effort to mislead investors, NICHOLSON impersonated the independent accountant that had purportedly audited certain Westgate funds, including the Westgate Summit Fund and the Westgate Premier Growth Fund LP. In addition, despite NICHOLSON's representations that the Westgate Funds' performance was consistently positive and that investor funds would be returned to investors by a particular date, NICHOLSON failed to return millions of dollars of investment funds to numerous investors as promised.

6. Moreover, to induce new and continued investments by clients and prospective clients, JAMES NICHOLSON, the defendant, promised certain clients that they would receive a

return in varying amounts of up to at least 8 percent in a one-month period, if they invested in the Westgate Focus Fund. Also, in or about December 2008, NICHOLSON told certain clients that they would receive the principal and interest of their investment in the Westgate Focus Fund within a period of approximately one month.

       7.    Contrary to representations that JAMES NICHOLSON, the defendant, made to those investors that he would use their funds to purchase securities in the Westgate Focus Fund on their behalf and invest client funds pursuant to the strategies he had marketed, NICHOLSON used the investors' funds to meet the periodic redemption requests of other investors. Ultimately, NICHOLSON caused investors to lose more than $150 million.

       8.    To conceal his scheme, JAMES NICHOLSON, the defendant, among other things, altered and caused to be altered brokerage statements for Westgate Capital accounts maintained at various financial institutions in order to make it falsely appear that the Westgate Funds had hundreds of millions of dollars under management when, in fact, they did not. In addition, NICHOLSON created and caused to be created false and fraudulent Westgate Capital account statements that falsely reflected that Westgate Capital and the Westgate Funds earned positive returns. NICHOLSON further caused such false and fraudulent Westgate Capital account statements to be sent to investors and prospective investors through the Postal Service.

9. Beginning in or about December 2008, numerous investors in the Westgate Funds sought to redeem their investments. In response to their requests to redeem their investments, approximately two dozen investors, most of whom were located in Rockland County, received checks totaling, collectively, nearly $5 million from Westgate Capital, drawn on accounts maintained by Bank of America and Citibank. All of these checks were returned for insufficient funds. Additionally, a number of other investors sought, without success, to redeem funds totaling millions of dollars.

### Statutory Allegation

10. From at least in or about 2004 through at least in or about February 2009, in the Southern District of New York and elsewhere, JAMES NICHOLSON, the defendant, unlawfully, wilfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce and of the mails, and of the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts,

practices, and courses of business which operated and would operate as a fraud and deceit upon persons.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; Title
18, United States Code, Section 2.)

### COUNT TWO

(Investment Adviser Fraud)

The Grand Jury further charges:

11. The allegations contained in paragraphs 1 through 9, above, are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

12. From at least in or about 2004 through at least in or about February 2009, in the Southern District of New York and elsewhere, JAMES NICHOLSON, the defendant, acting as an investment adviser with respect to clients and potential clients of Westgate Capital, unlawfully, willfully, and knowingly, by use of the mails and means and instrumentalities of interstate commerce, directly and indirectly, did: (a) employ devices, schemes, and artifices to defraud clients and prospective clients; (b) engage in transactions, practices, and courses of business which operated as a fraud and deceit upon clients and prospective clients; and (c) engage in acts, practices, and courses of business that were fraudulent, deceptive, and manipulative.

(Title 15, United States Code, Sections 80b-6 and 80b-17; Title
18, United States Code, Section 2.)

**COUNT THREE**

(Mail Fraud)

13. The allegations contained in paragraphs 1 through 9, above, are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

14. From at least 2004 through at least in or about February 2009, in the Southern District of New York and elsewhere, JAMES NICHOLSON, the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, did place in post offices and authorized depositories for mail matter, matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and did take and receive therefrom such matters and things, and did knowingly cause to be delivered, by mail and such carriers according to the directions thereon, and at the places at which they were directed to be delivered by the persons to whom they were addressed, such matters and things, to wit, in or about December 2008, NICHOLSON sent and caused to be sent and delivered via the Postal Service false and fraudulent account statements from Westgate Capital to clients of Westgate Capital, many of whom were located in

Rockland County, New York.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNT FOUR

(Structuring of Withdrawals)

The Grand Jury further charges:

15. The allegations of paragraphs 1 through 9 above are hereby repeated, realleged, and incorporated by reference as though fully set forth herein.

16. From at least in or about 2006 through at least in or about January 2008, in the Southern District of New York and elsewhere, JAMES NICHOLSON, the defendant, unlawfully, willfully, and knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations prescribed thereunder, while violating another law of the United States and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, did structure and assist in structuring, and attempt to structure and assist in structuring, transactions with a domestic financial institution, to wit, over a sixteen-month period, from in or about October 2006 through in or about June 2008, NICHOLSON used a bank account at Wachovia in Rockland County, New York, a bank account at HSBC Bank USA, N.A., in Rockland County, New York, and a bank account at Saddle River Valley Bank in Saddle River, New Jersey, to withdraw a total of over $405,000 by breaking those withdrawals down into more than 50 withdrawals of

amounts less than $10,000.

(Title 31, United States Code, Sections 5324(a)(3) and (d)(2); and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND THREE

19. As the result of committing one of more of the fraud offenses, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Sections 1341 and 1344, alleged in Counts One and Three of this Indictment, JAMES NICHOLSON, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including, but not limited to, the following:

    a.    At least $150,000,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the charged fraud offenses;

    b.    Any and all funds on deposit in Account No. 5XM036060 held in the name of JAMES NICHOLSON at Pershing LLC;

    c.    Any and all funds on deposit in Account No. 5XM036052 held in the name of JAMES NICHOLSON at Pershing LLC;

    d.    Any and all funds credited to Certificate of Deposit No. 910001221010690 held in the name of Westgate Capital Management LLC at Bank of America;

   e. The real property and appurtenances known and described as 120 Meadow Lane, Southampton, New York;

   f. The real property and appurtenances known and described as 25 Columbus Circle, Unit 52A, New York, New York;

   g. The real property and appurtenances known and described as 44 Oak Road, Saddle River, New Jersey;

   h. The real property and appurtenances known and described as 360 South Ocean Boulevard, Penthouse A, Palm Beach, Florida;

   i. The real property and appurtenances known and described as 425 Laurel Brook Road, Bear Brook Village, Unit 5-19, Montvale, New Jersey;

   j. All right, title, and interest in the fractional share of a Gulfstream 200 Jet through NetJets by Westgate Capital Management LLC;

   k. All right, title, and interest in a membership at Trump International Golf Club, located in West Palm Beach, Florida;

   l. All right, title, and interest in a membership at the Mar-A-Lago Club, located in Palm Beach, Florida;

   m. All right, title, and interest in a membership at the Breakers Club, located in Palm Beach, Florida;

   n. All right, title, and interest in a personal seat license for club seats from Jets Stadium Development LLC;

and

o.   Any and all funds held by Fischer Travel Enterprises for NICHOLSON and/or Westgate Capital Management LLC.

Substitute Asset Provision

20.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant, JAMES NICHOLSON:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 853 and 981;
Title 28, United States Code, Section 2461.)

## FORFEITURE ALLEGATION
## AS TO COUNT FOUR

21.   As the result of committing the structuring offense, in violation of Title 31, United States Code, Sections

11

5324(a)(3) and (d)(2), alleged in Count Four of this Indictment, JAMES NICHOLSON, the defendant, shall forfeit to the United States, pursuant to 31 U.S.C. § 5317, all property, real and personal, involved in the offense or traceable to such property, including, but not limited to, at least $405,000 in United States currency.

Substitute Asset Provision

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, JAMES NICHOLSON:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853
and Title 31, United States Code, Section 5317.)

_____
FOREPERSON

_____
LEV L. DASSIN
Acting United States Attorney

13

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JAMES NICHOLSON,

Defendant.

INDICTMENT

09 Cr.

(Title 15, United States Code, Sections 78j(b), 78ff, 80b-6, 80b-17; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Sections 1341 and 2; Title 31, United States Code, Sections §§5324(a)(3) and (d)(2))

LEV L. DASSIN
Acting United States Attorney

A TRUE BILL.

Foreperson.