USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 5/29/09
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA               CONSENT ORDER FOR EXTENSION
                                :      OF RESTRAINING ORDER PURSUANT
        -v.-                           TO 21 U.S.C. § 853(e)
                                :
JAMES NICHOLSON,                       09 Cr. 414 (RJS)
                                :
              Defendant.
                                :
- - - - - - - - - - - - - - - - - - x

        **WHEREAS**, on or about April 1, 2009, the Honorable Robert
W. Sweet, sitting in Part I, entered a temporary, pre-indictment
restraining order (the "Temporary Restraining Order," attached
hereto as Exhibit A), upon an ex parte application by the United
States;

        **WHEREAS**, on April 15, 2009, the Honorable Kimba M. Wood,
sitting in Part I, signed a consent order (attached hereto as
Exhibit B), extending the Temporary Restraining Order by 45 days,
based upon a stipulation by the parties that such an extension was
necessary to prevent the deterioration of the property identified
in the Temporary Restraining Order before the conclusion of the
criminal case, United States v. James Nicholson, 09 Mag. 507;

        **WHEREAS**, on April 23, 2009, James Nicholson, the
defendant, was charged in a four-count indictment, 09 Cr. 414 (RJS)
(the "Indictment," attached hereto as Exhibit C), with securities
fraud, in violation of Title 15, United States Code, Sections
78j(b) and 78ff; Title 17, Code of Federal Regulations, Section
240.10b-5; and Title 18, United States Code, Section 2 (Count One);

investment adviser fraud, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17 and Title 18, United States Code, Section 2 (Count Two); mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 (Count Three); and structuring of withdrawals, in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2) and Title 18, United States Code, Section 2 (Count Four).

**WHEREAS**, the Indictment included forfeiture allegations providing notice that, among other things, as a result of committing one or more of the securities fraud and mail fraud offenses alleged in Counts One and Three of the Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of those offenses, including but not limited to the property identified in the Temporary Restraining Order;

**WHEREAS**, the parties stipulate and agree that a restraining order is necessary to prevent the deterioration of the property identified in the Temporary Restraining Order;

**WHEREAS**, pursuant to 21 U.S.C. § 853(e)(1)(A), the court may enter a restraining order or take any other action to preserve the availability of property for forfeiture, upon the filing of an indictment charging a violation for which criminal forfeiture may be ordered and alleging that the property with respect to which the

2

order is sought would, in the event of conviction, be subject to forfeiture;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1.    The Temporary Restraining Order entered on April 1, 2009, and extended on April 15, 2009, shall continue in full force and effect pending further Order of the Court.

2.    Neither the United States nor James Nicholson waive any arguments or defenses that they may have with respect to the forfeitability of the property identified in the Temporary Restraining Order.

3.    The signature pages of this Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.  Signature pages may be by fax and such signatures shall be deemed as valid originals.

3

**AGREED AND CONSENTED TO:**

**LEV L. DASSIN**
Acting United States Attorney for the
Southern District of New York

By: _____     _5/21/09_____
AMY LESTER                                          DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2416

**FOR JAMES NICHOLSON**
Defendant

By: _____     _5/28/09_____
ERIKA McDANIEL EDWARDS, ESQ.                DATE
Donaldson, Chilliest & McDaniel, LLP
103 East 125th Street, Suite 1102
New York, New York 10035
(212) 722-4900

SO ORDERED:

_____     _5/28/69_____
HONORABLE RICHARD J. SULLIVAN          DATE
UNITED STATES DISTRICT JUDGE

4

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - x
                                        :
UNITED STATES OF AMERICA                 :    EX PARTE PRE-INDICTMENT
                                              RESTRAINING ORDER PURSUANT TO
        -v.-                             :    18 U.S.C. § 982(b)(1) AND
                                              21 U.S.C. § 853(e)
                                         :
JAMES NICHOLSON,                              M18-98
                                         :
        Defendant.
                                         :
- - - - - - - - - - - - - x

        Upon the application of LEV L. DASSIN, Acting United

States Attorney for the Southern District of New York, by Amy

Lester, Assistant United States Attorney, pursuant to Title 21

U.S.C. § 853(e)(2) and 18 U.S.C. § 982(b)(1)(A), the Declaration of

William McGrogan, Special Agent with the Federal Bureau of

Investigation, and all papers submitted in support thereof;

        IT IS HEREBY ORDERED that:

        1.    James Nicholson (the "defendant");

        2.    Pershing LLC; and

        3.    All attorneys, agents, employees, and anyone acting

on their behalf, and all persons or entities, acting in concert or

participation with any of the above;

        Shall not take any action prohibited by this Order;

        IT IS HEREBY FURTHER ORDERED that the defendant, his

attorneys, agents, employees, and anyone acting on his behalf, and

all persons or entities acting in concert or participation with any

of the above, and all persons and entities having actual knowledge

of this Order, shall not, directly or indirectly, transfer, sell,

assign, pledge, hypothecate, encumber, or dispose of in any manner; cause to be transferred, sold assigned, pledged, hypothecated, encumbered, disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of property or other interests belonging to, or owed to, or controlled in whole or in part by, the defendant;

IT IS FURTHER ORDERED that the property and other interests hereby restrained include but are not limited to the following:

a.    The real property and appurtenances known and described as 44 Oak Road, Saddle River, New Jersey;

b.    The real property known and described as 360 South Ocean Boulevard, Penthouse A, Palm Beach, Florida;

c.    The real property known and described as 25 Columbus Circle, Unit 52A, New York, New York;

d.    The real property known and described as 425 Laurel Brook Road, Bear Brook Village, Unit 5-19, Montvale, New Jersey;

e.    Any and all funds on deposit in Account No. 5XM-036060 held in the name of James Nicholson at Pershing LLC;

IT IS FURTHER ORDERED that the United States Attorney's Office for the Southern District of New York, in its discretion, is authorized to direct the release of assets restrained herein;

2

IT IS **FURTHER ORDERED** that this Order shall be binding upon the defendant, his attorneys, agents and employees, and all persons in active concert or participation with any of the above, all financial and other institutions described herein, or any other person having actual knowledge of this Order, and that this Order shall remain in effect for ten days from today's date unless extended for good cause shown or unless there is sufficient consent to an extension for a longer period;

IT IS **FURTHER ORDERED** that upon the request of the Government, Pershing LLC will identify the account name, account number, and signatories for the restrained account, and provide the Government with monthly statements of the restrained account and balance in the account;

IT IS **FURTHER ORDERED** that the financial institution named in this Order shall accept service of this Order by facsimile transmission provided that an original hard copy is thereafter served by regular mail; and

3

**IT IS FURTHER ORDERED** that service of a copy of this Order shall be made on the defendant's attorney by regular mail within two business days following the filing of the Order.

Dated:    New York, New York
          April ___, 2009

SO ORDERED:

_____
HONORABLE ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE (PART I)

4

CERTIFIED AS A TRUE COPY ON

THIS DATE _____

BY _____
   ( ) Clerk
   (X) Deputy

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - -  x
                                :
UNITED STATES OF AMERICA        :    CONSENT ORDER FOR EXTENSION
                                :    OF PRE-INDICTMENT RESTRAINING
        -v.-                     :    ORDER PURSUANT TO
                                :    21 U.S.C. § 853(e)
JAMES NICHOLSON,                :
                                :    M18-981
        Defendant.              :
                                :
- - - - - - - - - - - - -  x

**WHEREAS,** on or about April 1, 2009, the Honorable Robert W. Sweet, sitting in Part I, entered a temporary, pre-indictment restraining order (the "Temporary Restraining Order," attached hereto as Exhibit A), upon an ex parte application by the United States;

**WHEREAS,** the parties stipulate and agree that an extension of the Temporary Restraining Order is necessary to prevent the deterioration of the properties identified in the Temporary Restraining Order before the conclusion of the criminal case, United States v. James Nicholson, 09 Mag. 507 (the "Criminal Action");

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1.    The Temporary Restraining Order entered on April 1, 2009, shall continue in full force and effect for an additional 45 days.

2.    Neither the United States nor James Nicholson waive any arguments or defenses that they may have with respect to the forfeitability of the properties identified in the Temporary Restraining Order.

AGREED AND CONSENTED TO:

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York

By: _____          4/15/09
                                        DATE
Maria E. Douvas
Joshua Klein
Amy Lester
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2327/2397/2416

By: _____          4/15/09
                                        DATE
Erika McDaniel Edwards, Esq.
ATTORNEY FOR JAMES NICHOLSON
Donaldson, Chilliest & McDaniel, LLP
103 East 125th Street, Suite 1102
New York, New York 10035
(212) 722-4900

SO ORDERED:

_____              4-15-09
HONORABLE KIMBA M. WOOD (PART I)       DATE
CHIEF UNITED STATES DISTRICT JUDGE

CERTIFIED AS A TRUE COPY ON
THIS DATE____4-16-09
BY_____
          ( ) Clerk
          (X) Deputy

2

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                                         :
UNITED STATES OF AMERICA
                                         :
          - v. -
                                         :
JAMES NICHOLSON,
                                         :
          Defendant.
                                         :
- - - - - - - - - - - - - - - x

**COUNT ONE**

(Securities Fraud)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED APR 2 3 2009
```

The Grand Jury charges:

## Relevant Persons And Entities

1.    At all times relevant to this Indictment, Westgate
Capital Management LLC ("Westgate Capital") had its principal
places of business in Pearl River, New York and New York, New
York. Westgate Capital is a money management firm founded in
August 1999 that operated as the General Partner for its various
funds.

2.    At all times relevant to this Indictment, JAMES
NICHOLSON, the defendant, was the President and Senior Portfolio
Manager, as well as the sole managing member of Westgate Capital.
In that capacity, NICHOLSON controlled the business activities of
Westgate Capital, which included managing the following funds
that received and invested money from investors:  Westgate Alpha
Fund, Westgate Equity Fund, Westgate Focus Fund, Westgate Growth
Fund LP, Westgate Premier Growth Fund LP, Westgate Strategic

Growth Fund LP and Westgate Summit Fund (collectively, the "Westgate Funds"). NICHOLSON also managed and controlled the Westgate Opportunity Fund Ltd. (the "Opportunity Fund") and the Westgate Absolute Fund.

## The Scheme to Defraud

3. From at least in or about 2004 through at least in or about February 2009, JAMES NICHOLSON, the defendant, perpetrated a scheme to defraud the investors of Westgate Capital by soliciting millions of dollars of funds under false pretenses, failing to invest investors' funds as promised, and misappropriating and converting investors' funds to NICHOLSON's own benefit and the benefit of others without the knowledge or authorization of the investors.

4. To execute the scheme, JAMES NICHOLSON, the defendant, solicited and caused others to solicit prospective clients to invest with Westgate Capital, based upon, among other things, his false statements that: (a) the Westgate Funds had an aggregate of $600 to $900 million under management; (b) the Westgate Funds were audited by an independent auditing firm; (c) investor funds would be used to purchase shares of securities of large, well-known corporations that would provide high rates of return for clients, with limited risk; (d) the Westgate Funds' performance was consistently positive; and (e) investor funds would be returned to investors by a particular date.

2

5.    In truth and in fact, as NICHOLSON well knew,
these representations were false.    Instead, notwithstanding his
statements to the contrary, and notwithstanding false
representations that NICHOLSON made and caused to be made on
hundreds of investor account statements and other documents sent
through the United States Postal Service (the "Postal Service")
to Westgate Capital investors throughout the operation of this
scheme, NICHOLSON misappropriated investor funds and converted
them to the use of NICHOLSON, Westgate Capital, and others.
Moreover, the true value of the assets NICHOLSON and Westgate
Capital had under management was materially lower than the $600
to $900 million that NICHOLSON represented.    Furthermore, in an
effort to mislead investors, NICHOLSON impersonated the
independent accountant that had purportedly audited certain
Westgate funds, including the Westgate Summit Fund and the
Westgate Premier Growth Fund LP.    In addition, despite
NICHOLSON's representations that the Westgate Funds' performance
was consistently positive and that investor funds would be
returned to investors by a particular date, NICHOLSON failed to
return millions of dollars of investment funds to numerous
investors as promised.

6.    Moreover, to induce new and continued investments
by clients and prospective clients, JAMES NICHOLSON, the
defendant, promised certain clients that they would receive a

3

return in varying amounts of up to at least 8 percent in a one-month period, if they invested in the Westgate Focus Fund.  Also, in or about December 2008, NICHOLSON told certain clients that they would receive the principal and interest of their investment in the Westgate Focus Fund within a period of approximately one month.

        7.   Contrary to representations that JAMES NICHOLSON, the defendant, made to those investors that he would use their funds to purchase securities in the Westgate Focus Fund on their behalf and invest client funds pursuant to the strategies he had marketed, NICHOLSON used the investors' funds to meet the periodic redemption requests of other investors.  Ultimately, NICHOLSON caused investors to lose more than $150 million.

        8.   To conceal his scheme, JAMES NICHOLSON, the defendant, among other things, altered and caused to be altered brokerage statements for Westgate Capital accounts maintained at various financial institutions in order to make it falsely appear that the Westgate Funds had hundreds of millions of dollars under management when, in fact, they did not.  In addition, NICHOLSON created and caused to be created false and fraudulent Westgate Capital account statements that falsely reflected that Westgate Capital and the Westgate Funds earned positive returns. NICHOLSON further caused such false and fraudulent Westgate Capital account statements to be sent to investors and prospective investors through the Postal Service.

4

9.     Beginning in or about December 2008, numerous investors in the Westgate Funds sought to redeem their investments.   In response to their requests to redeem their investments, approximately two dozen investors, most of whom were located in Rockland County, received checks totaling, collectively, nearly $5 million from Westgate Capital, drawn on accounts maintained by Bank of America and Citibank.   All of these checks were returned for insufficient funds.   Additionally, a number of other investors sought, without success, to redeem funds totaling millions of dollars.

## Statutory Allegation

10.   From at least in or about 2004 through at least in or about February 2009, in the Southern District of New York and elsewhere, JAMES NICHOLSON, the defendant, unlawfully, wilfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce and of the mails, and of the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by:  (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts,

5

practices, and courses of business which operated and would operate as a fraud and deceit upon persons.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

## COUNT TWO

(Investment Adviser Fraud)

The Grand Jury further charges:

11. The allegations contained in paragraphs 1 through 9, above, are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

12. From at least in or about 2004 through at least in or about February 2009, in the Southern District of New York and elsewhere, JAMES NICHOLSON, the defendant, acting as an investment adviser with respect to clients and potential clients of Westgate Capital, unlawfully, willfully, and knowingly, by use of the mails and means and instrumentalities of interstate commerce, directly and indirectly, did: (a) employ devices, schemes, and artifices to defraud clients and prospective clients; (b) engage in transactions, practices, and courses of business which operated as a fraud and deceit upon clients and prospective clients; and (c) engage in acts, practices, and courses of business that were fraudulent, deceptive, and manipulative.

(Title 15, United States Code, Sections 80b-6 and 80b-17; Title 18, United States Code, Section 2.)

6

## COUNT THREE

(Mail Fraud)

13. The allegations contained in paragraphs 1 through

9, above, are hereby repeated, realleged and incorporated by

reference as if fully set forth herein.

14. From at least 2004 through at least in or about

February 2009, in the Southern District of New York and

elsewhere, JAMES NICHOLSON, the defendant, unlawfully, willfully,

and knowingly, having devised and intending to devise a scheme

and artifice to defraud, and for obtaining money and property by

means of false and fraudulent pretenses, representations, and

promises, for the purpose of executing such scheme and artifice

and attempting so to do, did place in post offices and authorized

depositories for mail matter, matters and things to be sent and

delivered by the Postal Service, and did deposit and cause to be

deposited matters and things to be sent and delivered by private

and commercial interstate carriers, and did take and receive

therefrom such matters and things, and did knowingly cause to be

delivered, by mail and such carriers according to the directions

thereon, and at the places at which they were directed to be

delivered by the persons to whom they were addressed, such

matters and things, to wit, in or about December 2008, NICHOLSON

sent and caused to be sent and delivered via the Postal Service

false and fraudulent account statements from Westgate Capital to

clients of Westgate Capital, many of whom were located in

7

Rockland County, New York.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNT FOUR

(Structuring of Withdrawals)

The Grand Jury further charges:

15. The allegations of paragraphs 1 through 9 above are hereby repeated, realleged, and incorporated by reference as though fully set forth herein.

16. From at least in or about 2006 through at least in or about January 2008, in the Southern District of New York and elsewhere, JAMES NICHOLSON, the defendant, unlawfully, willfully, and knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations prescribed thereunder, while violating another law of the United States and as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, did structure and assist in structuring, and attempt to structure and assist in structuring, transactions with a domestic financial institution, to wit, over a sixteen-month period, from in or about October 2006 through in or about June 2008, NICHOLSON used a bank account at Wachovia in Rockland County, New York, a bank account at HSBC Bank USA, N.A., in Rockland County, New York, and a bank account at Saddle River Valley Bank in Saddle River, New Jersey, to withdraw a total of over $405,000 by breaking those withdrawals down into more than 50 withdrawals of

8

amounts less than $10,000.

(Title 31, United States Code, Sections 5324(a)(3) and (d)(2);
and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND THREE

19.  As the result of committing one of more of the
fraud offenses, in violation of Title 15, United States Code,
Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations,
Section 240.10b-5, and Title 18, United States Code, Sections
1341 and 1344, alleged in Counts One and Three of this
Indictment, JAMES NICHOLSON, the defendant, shall forfeit to the
United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.
§ 2461, all property, real and personal, that constitutes or is
derived from proceeds traceable to the commission of the
offenses, including, but not limited to, the following:

a.  At least $150,000,000 in United States
currency, in that such sum in aggregate is property representing
the amount of proceeds obtained as a result of the charged fraud
offenses;

b.  Any and all funds on deposit in Account No.
5XM036060 held in the name of JAMES NICHOLSON at Pershing LLC;

c.  Any and all funds on deposit in Account No.
5XM036052 held in the name of JAMES NICHOLSON at Pershing LLC;

d.  Any and all funds credited to Certificate of
Deposit No. 910001221010690 held in the name of Westgate Capital
Management LLC at Bank of America;

9

e.    The real property and appurtenances known and described as 120 Meadow Lane, Southampton, New York;

f.    The real property and appurtenances known and described as 25 Columbus Circle, Unit 52A, New York, New York;

g.    The real property and appurtenances known and described as 44 Oak Road, Saddle River, New Jersey;

h.    The real property and appurtenances known and described as 360 South Ocean Boulevard, Penthouse A, Palm Beach, Florida;

i.    The real property and appurtenances known and described as 425 Laurel Brook Road, Bear Brook Village, Unit 5-19, Montvale, New Jersey;

j.    All right, title, and interest in the fractional share of a Gulfstream 200 Jet through NetJets by Westgate Capital Management LLC;

k.    All right, title, and interest in a membership at Trump International Golf Club, located in West Palm Beach, Florida;

l.    All right, title, and interest in a membership at the Mar-A-Lago Club, located in Palm Beach, Florida;

m.    All right, title, and interest in a membership at the Breakers Club, located in Palm Beach, Florida;

n.    All right, title, and interest in a personal seat license for club seats from Jets Stadium Development LLC;

10

and

o.     Any and all funds held by Fischer Travel
Enterprises for NICHOLSON and/or Westgate Capital Management LLC.

## Substitute Asset Provision

20.    If any of the above-described forfeitable
property, as a result of any act or omission of the defendant,
JAMES NICHOLSON:

a.     cannot be located upon the exercise of due
diligence;

b.     has been transferred or sold to, or deposited
with, a third person;

c.     has been placed beyond the jurisdiction of
the Court;

d.     has been substantially diminished in value;
or

e.     has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.
§ 853(p), to seek forfeiture of any other property of said
defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 853 and 981;
Title 28, United States Code, Section 2461.)

### FORFEITURE ALLEGATION
### AS TO COUNT FOUR

21.    As the result of committing the structuring
offense, in violation of Title 31, United States Code, Sections

11

5324(a)(3) and (d)(2), alleged in Count Four of this Indictment,

JAMES NICHOLSON, the defendant, shall forfeit to the United

States, pursuant to 31 U.S.C. § 5317, all property, real and

personal, involved in the offense or traceable to such property,

including, but not limited to, at least $405,000 in United States

currency.

12

## Substitute Asset Provision

22.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant, JAMES NICHOLSON:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853
and Title 31, United States Code, Section 5317.)

FOREPERSON

LEV L. DASSIN
Acting United States Attorney

13

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

- v. -

JAMES NICHOLSON,

Defendant.

## INDICTMENT

**09 Cr.**

(Title 15, United States Code, Sections
78j(b), 78ff, 80b-6, 80b-17; Title 17,
Code of Federal Regulations, Section
240.10b-5; Title 18, United States Code,
Sections 1341 and 2; Title 31, United
States Code, Sections §§5324(a)(3) and
(d)(2))

LEV L. DASSIN
Acting United States Attorney

A TRUE BILL.

Foreperson.