USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :   STIPULATION AND ORDER
                                     OF INTERLOCUTORY SALE
        - v. -                   :
                                 :   09 Cr. 414 (RJS)
JAMES NICHOLSON,                 :
                                 :
        Defendant.               :
- - - - - - - - - - - - - - - - x

**WHEREAS**, on or about April 1, 2009, the Honorable Robert W. Sweet, sitting in Part I, entered a temporary, pre-indictment restraining order upon an ex parte application by the United States;

**WHEREAS**, on April 15, 2009, the Honorable Kimba M. Wood, sitting in Part I, signed a Consent Order for Extension of Pre-Indictment Restraining Order Pursuant to 21 U.S.C. § 853(e) (the "Consent Order");

**WHEREAS**, the Consent Order restrained, among other things, the following real property, pending the resolution of the criminal action against James Nicholson, the defendant:

> The real property and appurtenances known and described as 44 Oak Road, Saddle River, New Jersey

(the "Subject Property");

**WHEREAS**, on April 23, 2009, James Nicholson, the defendant, was charged in a four-count indictment, 09 Cr. 414 (RJS) (the "Indictment"), with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18,

United States Code, Section 2 (Count One); investment adviser fraud, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17 and Title 18, United States Code, Section 2 (Count Two); mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 (Count Three); and structuring of withdrawals, in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2) and Title 18, United States Code, Section 2 (Count Four);

**WHEREAS**, the Indictment included forfeiture allegations providing notice of the Government's intent to seek forfeiture of, among other things, all property constituting or derived from proceeds traceable to the commission of the securities fraud and mail fraud offenses, including but not limited to the Subject Property;

**WHEREAS**, the Subject Property is more particularly known as:

> Lot 4-Y in Block 11 on a certain map entitled "Brook Section, Part of Property of the Saddle River Company, Incorporation, Saddle River Borough, Bergen County, N.J." dated January 23, 1953 filed in the Bergen County Clerk's Office on February 14, 1966 as Map No. 6404;

**WHEREAS**, title to the Subject Property is held in the name of James Nicholson, the defendant, and Donna Nicholson, his wife;

**WHEREAS**, there are two mortgages on the Subject Property, both held by Bank of America Home Loans (f/k/a

Countrywide Home Loans) ("Bank of America"), and a home equity loan funded by Wells Fargo Bank, N.A. ("Wells Fargo");

**WHEREAS**, the Subject Property is also currently restrained pursuant to an Order signed by the Honorable Richard M. Berman at the request of the Securities and Exchange Commission ("SEC") as part of its civil action against Nicholson (the "SEC Order");

**WHEREAS**, the SEC has no objection to the interlocutory sale of the Subject Property and has agreed to request that Judge Berman release the Subject Property from restraint under the SEC Order;

**WHEREAS**, the Government, James Nicholson, the defendant, through his counsel, and Donna Nicholson, through her counsel, stipulate and agree that an interlocutory sale of the Subject Property is necessary in order to prevent its deterioration before the conclusion of the criminal case, with the net proceeds of the sale to be held pending further order of this Court; and

**WHEREAS,** the Government, James Nicholson, the defendant, through his counsel, and Donna Nicholson, through her counsel, stipulate and agree that the Subject Property should be sold as soon as practicable, in order to maximize the proceeds of sale.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that:

1. The Government, James Nicholson, and Donna Nicholson agree to the interlocutory sale of the Subject Property.

2. In furtherance of the interlocutory sale, the United States Marshals Service ("USMS") shall immediately move forward with the retention of a broker to market and sell the Subject Property.

3. James Nicholson and Donna Nicholson agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property. In addition, Donna Nicholson, who currently resides in the property, agrees to vacate the Subject Property by August 22, 2009 or upon the completion of the interlocutory sale, whichever is earlier. Donna Nicholson further agrees to enter promptly into an occupancy agreement with the USMS and take all steps to maintain the existing condition of the Subject Property, including the payment of utilities and other necessary expenses.

4. The parties agree that the USMS shall market and sell the Subject Property on terms consented to by the Government. The parties further agree that the Subject Property shall not be sold at a price that is less than the total amount owed pursuant to any valid mortgage(s) and/or lien(s) on the Subject Property.

5. The Government may, in its sole discretion, reject any offer to purchase the Subject Property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

6. The net proceeds from the sale of the Subject Property will include all money realized from the sale of the Subject Property, except for the following:

    a. Real estate expenses, if any;

    b. Any other real estate, property, transfer, association or other taxes which are or become due and owing in connection with the sale of the Subject Property;

    c. Insurance costs, if any;

    d. All costs incurred by the USMS in connection with the maintenance and repair of the Subject Property;

    e. All fees and expenses incurred by the USMS in connection with the marketing and sale of the Subject Property;

    f. Escrow fees;

    g. Document recording fees not paid by the buyer;

    h. Title fees;

    i. County transfer fees;

    j. Amounts due to Bank of America pursuant to its mortgage instruments on the Subject Property, or Wells Fargo pursuant to its home equity loan for the Subject Property, or

such other parties holding a valid mortgage or lien on the Subject Property; and

   k. Customary closing costs that may be required to be paid to close title on the Subject Property.

   7. The net proceeds realized from the sale of the Subject Property, after the payments identified in paragraph 6 above, shall be the substitute *res* for the Subject Property in the above-captioned criminal case, and shall be delivered to, and held by, the USMS in the Seized Asset Deposit Fund pending further order of this Court.

   8. The United States, James Nicholson, and Donna Nicholson do not waive any arguments or defenses that they may have with respect to the forfeitability of the Subject Property.

   9. The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax and such signatures shall be deemed as valid originals.

   10. This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

   11. This Stipulation and Order constitutes the complete agreement as to the Subject Property between the signatories hereto and may not be amended except by written consent thereof.

12. The Clerk of the Court shall forward four certified copies of this Stipulation and Order to Assistant United States Attorney Amy Lester, One St. Andrew's Plaza, New York, New York 10007.

**LEV L. DASSIN**
Acting United States Attorney for the
Southern District of New York

By: _/s/ Amy Lester_  6/16/09
    AMY LESTER                              DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-2416

**FOR JAMES NICHOLSON**
Defendant

By: _____  _____
    ERIKA McDANIEL EDWARDS, ESQ.         DATE
    Donaldson, Chilliest & McDaniel, LLP
    103 East 125th Street, Suite 1102
    New York, New York 10035
    (212) 722-4900

**FOR DONNA NICHOLSON**
Defendant's Wife

By: _____  _____
    SUSAN G. KELLMAN, ESQ.               DATE
    25 Eighth Avenue
    Brooklyn, New York 11217
    (718) 783-8200

SO ORDERED:

_/s/ Richard J. Sullivan_  6/16/09
HONORABLE RICHARD J. SULLIVAN         DATE
UNITED STATES DISTRICT JUDGE

12. The Clerk of the Court shall forward four certified copies of this Stipulation and Order to Assistant United States Attorney Amy Lester, One St. Andrew's Plaza, New York, New York 10007.

**LEV L. DASSIN**
Acting United States Attorney for the
Southern District of New York

By: _____     _____
AMY LESTER                                DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2416

**FOR JAMES NICHOLSON**
Defendant

By: _____/s/_____     6/16/09
ERIKA McDANIEL EDWARDS, ESQ.              DATE
Donaldson, Chilliest & McDaniel, LLP
103 East 125th Street, Suite 1102
New York, New York 10035
(212) 722-4900

**FOR DONNA NICHOLSON**
Defendant's Wife

By: _____     _____
SUSAN G. KELLMAN, ESQ.                   DATE
25 Eighth Avenue
Brooklyn, New York 11217
(718) 783-8200

SO ORDERED:

_____           _____
HONORABLE RICHARD J. SULLIVAN            DATE
UNITED STATES DISTRICT JUDGE

-7-

12. The Clerk of the Court shall forward four certified copies of this Stipulation and Order to Assistant United States Attorney Amy Lester, One St. Andrew's Plaza, New York, New York 10007.

**LEV L. DASSIN**
Acting United States Attorney for the
Southern District of New York

By: _____        _____
    AMY LESTER                                      DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-2416

**FOR JAMES NICHOLSON**
Defendant

By: _____        _____
    ERIKA McDANIEL EDWARDS, ESQ.                   DATE
    Donaldson, Chilliest & McDaniel, LLP
    103 East 125th Street, Suite 1102
    New York, New York 10035
    (212) 722-4900

**FOR DONNA NICHOLSON**
Defendant's Wife

By: _____[signature]_____        6/10/09
    SUSAN G. KELLMAN, ESQ.                         DATE
    25 Eighth Avenue
    Brooklyn, New York 11217
    (718) 783-8200

SO ORDERED:

_____            _____
HONORABLE RICHARD J. SULLIVAN               DATE
UNITED STATES DISTRICT JUDGE

-7-